Tamela L. Kahle
Nevada Bar No. 0558
Kevin D. Holtman
Nevada Bar No. 11603
**KAHLE & ASSOCIATES**
7660 West Sahara Avenue, Ste.110
Las Vegas, Nevada 89117
Telephone (702) 453-2200
Facsimile (702) 453-2201

Attorneys for Defendants
Dale Summerlin &
Rockwell Collins Satellite Communications
Systems, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| MATGARITO LAGUNAS-SALAZAR, an individual, CLEMENTINA MONROE-MIRANDA, an individual, and each of them as Guardians ad litem of MICHELLE MONROE, an individual minor,<br><br>Plaintiffs,<br><br>vs.<br><br>DALE SUMMERLIN, an individual; ROCKWELL COLLINS SATELLITE COMMUNICATIONS SYSTEMS, INC., a Georgia Corporation,<br><br>Defendants. | CASE NO.: 2:12-cv-00867-KJF-VCF<br><br>**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF AUTHORIZATIONS FOR TAX RETURNS ON AN ORDER SHORTENING TIME** |

**DEFENDANTS' MOTION TO COMPEL PRODUCTION OF AUTHORIZATIONS FOR TAX RETURNS ON AN ORDER SHORTENING TIME**

Defendants, Dale Summerlin and Rockwell Collins Satellite Communications Systems, Inc., through their counsel Tamela L. Kahle of the law firm of Kahle & Associates, hereby files this Motion to Compel Production of Authorizations for Tax Returns on an Order Shortening Time, pursuant to F.R.C.P. 26(b)(1), F.R.C.P. 34 and F.R.C.P. 37.

This Motion is made and based upon the Points and Authorities attached hereto, the affidavit of Kevin D. Holtman, the papers and pleadings on file herein, and such oral argument as may be

. . .

1 entertained by the Court of the time and place of place of the hearing on this Motion.

2    Dated this 20th day of September, 2012.

KAHLE & ASSOCIATES

By: _____
Pamela L. Kahle
Nevada Bar No. 0558
Kevin D. Holtman
Nevada Bar No. 11603
7660 W. Sahara Ave., Ste. 110
Las Vegas, Nevada 89117
Attorneys for Defendants
Dale Summerlin &
Rockwell Collins Satellite Communications
Systems, Inc.

**AFFIDAVIT OF COUNSEL IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF AUTHORIZATIONS FOR TAX RETURNS**

STATE OF NEVADA       )
                      ) ss:
COUNTY OF CLARK       )

KEVIN D. HOLTMAN, being first duly sworn, deposes and states:

1. I am an attorney at law, duly licensed to practice before all Courts of the State of Nevada and an attorney of record for Defendants. I am personally familiar with the facts set forth herein, with the exception of those facts stated on information and belief and as to those facts, I believe them to be true and correct. If called upon to do so, I could and would competently testify thereto.

2. On or about May 29, 2012, Defendant Dale Summerlin propounded Requests for Production of Documents upon Plaintiff Matgarito Lagunas-Salazar. (Defendant Dale Summerlin's First Request for Production of Documents Propounded to Plaintiff Matgarito Lagunas-Salazar, Ex. "A").

3. Plaintiff Matgarito Lagunas-Salazar was requested to provide the following:

**REQUEST NO. 9:**

Copies of any and all income tax returns filed by Plaintiff for five years before and including the year of 2009, including, but not limited to, copies of any and all W-2 forms evidencing the earnings of Plaintiff and schedules attached thereto.

1  **REQUEST NO. 10:**

2  Copies of any and all income tax returns filed by Plaintiff after the year of 2009 including,
3  but not limited to, copies of any and all W-2 forms evidencing the earnings of Plaintiff and schedules
4  attached thereto.

5  **REQUEST NO. 11:**

6  Produce a fully completed and executed IRS Form 4506, entitled "Request for Copy or
7  Transcript of Tax Form," the form of which is attached hereto.

8      4.    Plaintiff Matgarito Lagunas-Salazar did not provide his responses until July 19, 2012,
9  after numerous requests by Defendants. Plaintiff Matgarito Lagunas-Salazar responded as follows to
10 the above Requests:

11  **RESPONSE TO REQUEST NO. 9:**

12  Objection as to relevance and for qualified privilege.

13  Although Plaintiff's income may be relevant to this case, Plaintiff's complete federal tax
14 returns including all W-2 forms and schedules are not. Without a more compelling request than has
15 been made, Plaintiff has a well founded belief that Defendant is merely seeking that to which it is
16 clearly not entitled - in essence, a fishing expedition.

17  Further, a qualified privilege exists with regard to federal tax returns that precludes Plaintiff
18 from having to produce his entire tax returns without a showing by Defendant that "the returns are
19 relevant to the subject matter of the action, " and "that there is a compelling need for the returns
20 because the information contained therein is not otherwise readily obtainable." A. Farber & Partners,
21 Inc. II. Garber, 234 FRD 186, 191 (C.D. Cal 2006); see Gattegno v. Pricewaterhousecoopers, LLP,
22 205 F.R.D. 70, 72 (D. Conn. 2001) ("the additional protection afforded tax returns in civil discovery
23 is aptly characterized as a qual ified privilege. ")

24  Nevertheless, without waiving his objection, but in response to this request in keeping with
25 the cited precedent cases, attached hereto as Exhibit "1", Plaintiff is producing copies of page one of
26 Plaintiffs federal Form 1040 for the years 2004 through 2010.

27  **RESPONSE TO REQUEST NO. 10:**

28  Objection. See response [sic] to Request No. 9.

Nevertheless, without waiving his objection, but in response to this request in keeping with the cited precedent cases, attached hereto as Exhibit "1", Plaintiff is producing copies of page one of Plaintiffs federal Form 1040 for the years 2004 through 2010.

**RESPONSE TO REQUEST NO. 11:**

Objection. See response [sic] to Request No. 9.

(See, Plaintiff Matgarito Lagunas-Salazar's Responses to Defendant Dale Summerlin's First Request for Production of Documents to Plaintiff Matgarito Lagunas-Salazar, Ex. "B").

5. On or about August 20, 2012 after additional requests for the authorizations, undersigned counsel sent a letter to Plaintiffs' counsel, Steve Parsons, regarding the need for the authorization for the tax returns. (Letter to Steve Parsons dated August 20, 2012, Ex. "C").

6. In response, Plaintiffs' counsel, Joseph Mott, sent a letter stating there objections to providing any additional tax return information or authorizations. (Letter from Joseph Mott dated August 28, 2012, Ex. "D").

7. Pursuant to LR 26-7(b), undersigned counsel spoke with Mr. Mott on September 13, 2012 regarding this issue. It was explained to Plaintiffs' counsel that the full tax returns and authorizations were necessary to fully evaluate Plaintiff Matgartio Lagunas-Salazar's wage loss claim. Plaintiffs' counsel would not agree to provide the authorizations for the income tax returns or complete copies of the income tax returns. (Letter from Joseph Mott dated September 17, 2012, Ex. "E").

8. Therefore, after personal consultation and good faith efforts to resolve the matter, this Motion to Compel had to be filed.

9. That this Motion is made in good faith and should not result in prejudice to any party.

. . .
. . .
. . .
. . .
. . .
. . .
. . .

1  10. This Motion should be heard on an Order Shortening Time to due to the fast
2  approaching discovery deadline of November 21, 2012.
3  FURTHER AFFIANT SAYETH NAUGHT.

_____
KEVIN D. HOLTMAN

6  SUBSCRIBED AND SWORN TO BEFORE ME
   this 20th day of September, 2012.

   *[Notary stamp: Stefania Ross, Notary Public, State of Nevada, My Commission Expires: 12-14-2015, Certificate No: 12-6668-1]*

   _____
8  NOTARY PUBLIC

## ORDER SHORTENING TIME

This matter having come before the Magistrate Judge, and for good cause appearing therefor, IT IS HEREBY ORDERED that the foregoing Motion be heard before the Magistrate Judge, on the ____ day of _____, 2012, at the hour of _____ a.m./p.m.

DATED:_____.

_____
MAGISTRATE JUDGE

Submitted by:

KAHLE & ASSOCIATES

By:_____
   Tamela L. Kahle
   Nevada Bar No. 0558
   Kevin D. Holtman
   Nevada Bar No. 11603
   7660 W. Sahara Ave., Ste. 110
   Las Vegas, Nevada 89117
   Attorneys for Defendants
   Dale Summerlin &
   Rockwell Collins Satellite Communications
   Systems, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

### Facts

This case arises out of an automobile accident that allegedly occurred on November 7, 2009. Plaintiffs are claiming to have been injured as a result of the accident. Plaintiff Matgarito Lagunas-Salazar has claimed that he was no longer able to work as a result of his injuries.

Defendants requested that Plaintiff Matgarito Lagunas-Salazar provide his full income tax returns for five years prior to the accident through the present date. Plaintiff Matgarito Lagunas-Salazar only provided the first page of his joint returns. He did not provide the authorization or any W-2s associated with his income tax returns. The information is needed to fully assess Plaintiff Matgarito Lagunas-Salazar's claim for wage loss and loss of future income.

### Argument

A.   *Compliance with LR 26-7(b)*

Local Rule 26-7(b) states that counsel is required to attach a statement "certifying that, after personal consultation and sincere effort to do so, counsel has been unable to resolve the matter without court action." As evidence by the affidavit and attached letters, undersigned counsel has made every effort to obtain the necessary discovery without seeking court action.

Defendants have repeatedly asked for authorizations for the tax returns, but to no avail. Plaintiffs have asserted that the first page of the tax returns is sufficient to respond to any request regarding the income tax returns of Plaintiff Matgarito Lagunas-Salazar. They will not have their client execute the authorization to allow Defendants the opportunity to obtain the necessary income tax return information directly from the source, the Internal Revenue Service, or provide complete copies of the income tax returns.

B.   *Tax Authorizations*

Rule 26(b)(1) of the Federal Rules of Civil Procedure permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." The purpose of the discovery "is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 635-36 (C.D. Cal. 2005). Rule 26(b) is "liberally interpreted to permit wide-ranging discovery of information even

1 though the information may not be admissible at the trial." *Id.*

2   With regards to tax return information, Plaintiffs have cited *Gattegno v. Pricewaterhousecoopers, LLP*, 205 F.R.D. 70 (D. Conn. 2001), as a defense to providing the tax returns. In *Gattegno*, there is a two prong test for determining whether the returns should be compelled. The tax returns are discoverable if: "(1) it clearly appears they are relevant to the subject matter of the action or to the issues raised thereunder, and (2) there is a compelling need therefor because the information contained therein is not otherwise readily obtainable. *Id.* at 73; *See also*, *United States v. Bonanno Organized Crime Family*, 119 F.R.D. 625, 627 (E.D.N.Y. 1988); and, *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 497–98 (N.D.Cal. 2003). The *Gattegno* case involved a former employee bringing an employment discrimination case against a former employer. The Court determined that the tax returns were not discoverable in that case, because the employer already had access to the income information of the former employee. *Id.*

  The first prong of the test is certainly met. Plaintiff Matgarito Lagunas-Salazar has made the income tax returns relevant by asserting a claim for wage loss. If Plaintiff Matgarito Lagunas-Salazar was not claiming to have lost wages as a result of the alleged accident, there would be no need to inquire as to his prior earnings. This issue was placed in controversy by Plaintiff Matgarito Lagunas-Salazar and he should not be able to avoid discovery on an issue that he has raised. Simply providing the W2's will not be sufficient to fully address Plaintiffs' claims. The income returns are the best method for determining the full amount of income Plaintiff Matgarito Lagunas-Salazar collects from any source. This is especially true because Plaintiffs are claiming that Plaintiff Matgarito Lagunas-Salazar's wife has had to return to work to support their family. The easiest way to make a full accounting of the wage loss claim put forth by Plaintiffs is to have the full income tax returns.

  The second prong of the test can also be met. The present matter is distinguishable from the *Gattegno* case, because Defendants are not able to obtain the information in any other way. Plaintiff Matgarito Lagunas-Salazar is making a claim for lost wages and loss of future income. The only way to fully assess these claims is to have a full understanding of the past income of Plaintiff Matgarito Lagunas-Salazar. The first page of the returns is insufficient to address the earnings. The returns are joint returns, without having the full returns it is impossible to determine which portion of the income

1 came from Plaintiff Matgarito Lagunas-Salazar and which came from his wife. In order to fully address
2 the wage loss claims made by Plaintiff Matgarito Lagunas-Salazar, Defendants must be provided with
3 authorizations for his income tax returns to obtain the information directly from the source.

### Conclusion

Based upon the foregoing, Defendants respectfully request that their Motion to Compel Production of Authorizations for Tax Returns on an Order Shortening Time be granted in its entirety. Defendants also request attorney's fees and cost for having to bring this Motion.

Dated this 20th day of September, 2012.

KAHLE & ASSOCIATES

By: _____
Tamela L. Kahle
Nevada Bar No. 0558
Kevin D. Holtman
Nevada Bar No. 11603
7660 W. Sahara Ave., Ste. 110
Las Vegas, Nevada 89117
Attorneys for Defendants
Dale Summerlin &
Rockwell Collins Satellite Communications
Systems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of September, 2012, a copy of the above and foregoing document entitled *Defendants' Motion to Compel Production of Authorizations for Tax Returns on an Order Shortening Time* has been served upon all counsel of record by using the United States District Court, District of Nevada's Case Management/Electronic Case Filing System that will electronically mail notification to the following counsel of record:

Steven J. Parsons, Esq.
LAW OFFICES OF STEVEN J. PARSONS
7201 W. Lake Mead Blvd., Ste. 108
Las Vegas, Nevada 89128
Attorney for Plaintiffs
Matgarito Lagunas-Salazar,
Clementina Monroe-Miranda &
Michelle Monroe

By: /s/ *[signature]*
An Employee of Kahle & Associates