# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MATGARITO LAGUNAS-SALAZAR, *et al.,* | 2:12-cv-00867-KJD-VCF |
| Plaintiffs, | **ORDER** |
| vs. | [Motion to Compel Production of Authorizations for Tax Returns on an Order Shortening Time (#11)] |
| DALE SUMMERLIN, *et al.,* | |
| Defendants. | |

The Court held a hearing on defendants' Motion to Compel Production of Authorizations for Tax Returns on an Order Shortening Time (#11) on September 28, 2012.

**Background:**

Plaintiffs filed their complaint in the Eighth Judicial District Court, Clark County, Nevada, on November 3, 2011. (#1-1). The action was removed to this court on May 22, 2012. (#1). Plaintiffs allege a claim for negligence arising out of an automobile accident that involved the plaintiffs and individual defendant Dale Summerland, who is an employee of defendant Rockwell Collins, Inc. (#1-1). On May 29, 2012, the defendants propounded requests for production of documents on plaintiffs. (#11). Defendants requested that plaintiff Matgarito Lagunas-Salazar produce tax documents. *Id.* On June 21, 2012, the parties submitted a proposed discovery plan and scheduling order, which the Court is approving today. (#10). On September 20, 2012, the defendants filed the instant motion to compel. (#11). On September 21, 2012, the court issued a minute order giving plaintiffs until September 26, 2012, to deliver to chambers the completed W-2 forms and tax returns and to file an opposition to the

motion. (#13). On September 26, 2012, plaintiffs complied with the court's orders and delivered to chambers copies of the W-2 forms and tax returns. (#14).

**Discussion:**

Defendants ask this court to compel the production of authorizations for tax returns for plaintiff Matgarito Lagunas-Salazar. (#11). Plaintiff Mr. Lagunas alleges that he can no longer work because of his injuries, and as such, defendants asks for his full income tax returns for five years prior to the accident through the present date. *Id.* Plaintiff only provided the first page of the returns, and did not provide authorization or any W-2s. *Id.* Defendants argue that this information is needed to fully assess plaintiff's claim for loss wages and loss of future income. *Id.* Defendants assert the production of the tax documents is appropriate because (1) plaintiff made the tax documents relevant by asserting a claim for loss wages, and (2) defendants are not able to obtain the information any other way. *Id.* (citing *Gattegno v. Pricewaterhousecoopers, LLP*, 205 F.R.D. 70 (D. Conn. 2001).

Plaintiff asserts that defendants did not attempt to resolve this matter pursuant to LR 26-7(b) prior to filing the motion. (#14). The defendants allegedly "failed to offer the merits of their position when attempting to resolve the dispute pre-motion with the same specificity with which they have briefed the issues in the Motion to Compel." *Id.* Plaintiffs assert that they have been more than willing to work with defendants through discovery, and that the instant motion was not necessary. *Id.* Plaintiffs also argue that defendants did not demonstrate that the tax documents are relevant to this action as required under Fed. R. Civ. P. 26(b)(1).

Plaintiffs rely on *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 190-91 (C.D. Cal. 2006), where the court enumerated a test regarding the production of tax returns as follows: "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Id.* (citation omitted); see also *Cooper*, 34 F.R.D. at 482-85; *Gattegno*,

205 F.R.D. at 71-72; *Flores v. Albertsons, Inc.*, 2002 WL 1163623, 3-4 (C.D. Cal. 2002); *Hilt v. SFC Inc.*, 170 F.R.D. 182, 188 (D. Kan. 1997). Plaintiff asserts that this two part test must be utilized to "assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns." *A. Farber & Partners, Inc.*, 234 F.R.D. at 191.

Plaintiffs concede that plaintiff Mr. Lagunas' income is at issue, but state that he has already provided the defendants with the first page of his 1040 showing his income, and that he offered to produce IRS form W-2s for the requested years demonstrating the apportionment of his and his wife's incomes. *Id.* These "source alternatives" for the information defendants seek are sufficient, and defendants have failed to demonstrate that the complete tax returns are necessary. *Id.* Plaintiffs' request an award of attorney's fees for having to oppose this motion in light of the fact that the motion was filed three days after plaintiff offered to provide the very information defendant requested. *Id.*

Federal Rule of Civil Procedure 34(a) permit each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to any party's claim or defense..." or, for good cause shown, "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. See *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id.*

Pursuant to Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37(a)(5)(A) states that "[i]f the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or

both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

IT IS HEREBY ORDERED that plaintiff will produce to defendants to one copy of plaintiff Matgarito Lagunas-Salazar's 2004 through 2011 completed tax returns, on or before 5:00 p.m., October 2, 2012.  If the case is still pending when plaintiffs file a later tax return, a copy of that return will be produced promptly after filing.

IT IS FURTHER ORDERED that defendants may not disclosed the contents of plaintiff Matgarito Lagunas-Salazar's tax returns beyond the attorneys working on the case, the attorney's office staff, the adjustor, and the experts.  Should the need arise for defendant to disclose the plaintiff's tax information beyond those stated in the previous sentence, defendant's counsel must check with plaintiff's counsel first.

IT IS FURTHER ORDERED that defendants should give plaintiff fifteen (15) days' notice prior to using the tax returns as exhibits in a deposition.  If the plaintiff objects, the parties must file simultaneous briefs one (1) week before the deposition.

DATED this 28th day of September, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE