UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| MATGARITO LAGUNAS-SALAZAR, *et al.*, | 2:12-cv-00867-KJD-VCF |
| Plaintiffs, | **ORDER** |
| vs. | |
| DALE SUMMERLIN, *et al.,*, | **(Motion To Strike George C. Swarts, CPA As Plaintiffs' Rebuttal Expert Witness #15)** |
| Defendants. | |

Before the court is defendants' Motion To Strike George C. Swarts, CPA As Plaintiffs' Rebuttal Expert Witness. (#15).  No Opposition was filed.

**A.    Background**

Plaintiffs filed their complaint in the Eighth Judicial District Court, Clark County, Nevada, on November 3, 2011. (#1-1).  Defendants removed the action to this court on May 22, 2012, based on diversity jurisdiction under 28 U.S.C. § 1332.  (#1).  Plaintiffs allege a claim for negligence arising out of an automobile accident that involved the plaintiffs and individual defendant Dale Summerland, who is an employee of defendant Rockwell Collins, Inc.  (#1-1).  On June 21, 2012, the parties filed a stipulated discovery plan and scheduling order, providing for a discovery cut-off date of November 21, 2012, an expert witness disclosure deadline of August 21, 2012, and a rebuttal expert witness disclosure deadline of September 20, 2012.  (#10).

On August 21, 2012, defendants served their initial expert disclosure upon plaintiff, disclosing Kevin Kirkendall, CPA, MBA.  (#15).  Plaintiffs did not disclose any experts.  *Id.*  On September 20, 2012, plaintiffs served defendants with plaintiffs' designation of George C. Swarts, CPA as a rebuttal

expert witness. *Id.* Plaintiffs did not include Mr. Swarts' complete report, and only provided defendants with his fee schedule, curriculum vitae, and testimony list. *Id.* Plaintiffs stated that Mr. Swarts' report would be produced "as soon as it is prepared." *Id* (Exhibit A). Defendants did not receive Mr. Swarts' report. (#15).

Defendants filed the instant motion to strike on September 27, 2012. (#15). The court entered the discovery plan and scheduling order on September 28, 2012. (#17). The parties filed a stipulation to extend discovery deadlines on October 15, 2012, providing for a discovery cut-off date of February 28, 2013, and stating that "[t]he deadline to disclose experts has already passed and will not be extended by agreement." (#19). The court signed the stipulation on October 19, 2012. (#20). On October 22, 2012, the court entered an order stating that "[p]laintiffs may have ten (10) days from the date of entry of this order to file an opposition or a non-opposition to Defendants' Motion to Strike George C. Swarts, CPA as Plaintiffs' Rebuttal Expert Witness (#15)." (#21). No opposition was filed.

**B.     Argument**

Defendants assert that plaintiffs' rebuttal expert Mr. Swarts should be excluded from testifying as a witness, because "[d]efendants have not been given an opportunity to assess the opinions of [p]laintiff's rebuttal expert in the time set by the [s]tipulated [d]iscovery [p]lan." (#15). Defendants argue that plaintiffs were given sufficient time to have the report prepared, and that since they only provided defendants with the expert's qualifications, without a report, data, or opinion, the expert should be excluded. *Id.* As stated above, plaintiffs did not file an opposition to defendants' motion (#15) and did not provide the court with any arguments to rebut defendants' assertions.

**C.     Relevant Law/Discussion**

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." A disclosure under Rule 26(a)(2)(B) "must be accompanied by a written

report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  The expert's report must contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."

In light of the fact that plaintiffs did not file an opposition, even after the court provided them additional time to do so (#21), the court finds that granting the motion to strike (#15) is appropriate.  *See* LR 7-2(d).  The court also finds that defendants' motion (#15) has merit.  Rule 26(a)(2)(B) requires the parties to submit a report containing their expert's opinions, data, and facts, as well as qualifications.  Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).  Plaintiffs only provided defendants with Mr. Swarts' qualifications, and failed to supplement with his opinion, despite stating that they would provide the report "as soon as it is prepared."  (#15)(Exhibit A).  As plaintiffs did not demonstrate to the court that their failure was "substantially justified or harmless," plaintiffs are not permitted to use Mr. Swarts "to supply evidence on a motion, at a hearing, or at a trial..." Fed. R. Civ. P. 37(c)(1).  Plaintiffs' rebuttal expert witness Mr. Swarts is stricken.  *Id.*

Accordingly and for good cause shown,

IT IS ORDERED that defendants' Motion To Strike George C. Swarts, CPA As Plaintiffs' Rebuttal Expert Witness (#15) is GRANTED.

IT IS FURTHER ORDERED that plaintiffs' Rebuttal Expert Witness George C. Swarts is hereby STRICKEN.

DATED this 13th day of November, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE