**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| MATGARITO LAGUNAS-SALAZAR, *et al.*, | |
| Plaintiff, | 2:12–cv–00867–APG–VCF |
| vs. | **ORDER** |
| DALE SUMMERLIN, *et al.*, | |
| Defendant. | |

Before the court is Defendants Dale Summerlin, *et al.*'s Motion to Compel the Deposition of Dr. Andrew Cash (#42[1]). Plaintiffs Matgarito Lagunas-Salazar, *et al.* joined in the motion (#44).

**BACKGROUND**

This matter involves Lagunas-Salazar, Clementia Monroe-Miranda, and Michelle Monroe's negligence action against Dale Summerlin and Rockwell Collins Satellite Communications Systems, Inc. (Compl. (#1-1) at 4). The suit arises from a November 7, 2011, motor vehicle accident. (Def.'s Mot. to Compel (#42) at 3:12–13). Following the accident Lagunas-Salazar sought treatment from Dr. Andrew Cash. (*Id.*)

The parties are currently in the midst of discovery. On July 25, 2012, and March 27, 2013, Rockwell Collins served Cash with a subpoena *duces tecum* in order to obtain discovery from Cash and prepare for his deposition. According to both Rockwell Collins and Lagunas-Salazar, Cash failed to comply with both subpoenas. (*Id.*)

---

[1] Parenthetical citations refer to the court's docket.

1

On May 14, 2013, May 22, 2013, and August 1, 2013, Rockwell Collins noticed the deposition of Cash. (*Id*. at 3:15–16). Cash, however, rescheduled the May 14, 2013, deposition and was engaged in another deposition during the time set for the May 22, 2013, deposition. (*Id*. at 4:1–6). The parties, then, rescheduled Cash's deposition a third time, which began on August 1, 2013. (*Id.*)

On August 1, 2013, Cash appeared for the deposition, which began at 4:30. (*Id*. at 4, Exhibit 5). However, it immediately became clear to both parties that Cash was relying on undisclosed medical records, which Rockwell Collins had previously requested, but Cash had refused to produce. (*Id*. at 4:12–14). After conferring about Cash's failure to comply with Rockwell Collins' subpoenas, counsel for Plaintiffs and Defendants agreed to reschedule the deposition a fourth time. (*Id*. at 4:15–16). At 4:57, less than a half hour after it began, the deposition ended. (*Id*. at Exhibit 5).

The end of the deposition, however, merely sparked the instant dispute. Cash indicated that he would be charging the parties for an hour of his time, even though (1) the deposition only lasted twenty-seven minutes and (2) Cash was solely responsible for derailing the deposition. (*Id*. at 4). What's more: Cash also retained the entirety of the $1,500.00 deposit, which Rockwell Collins paid to Cash for the August 1, 2013, deposition. (*Id*. at 4:17–18, 5:27). On September 5, 2013, both parties moved the court to compel Cash to testify without further compensation.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 empowers the court to order the "discovery regarding any nonprivildged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Pursuant to Rule 37(a), a party propounding discovery or taking a deposition may seek an order compelling responses when an opposing party has failed to respond or has provided evasive or incomplete responses. FED. R. CIV. P. 37(a)(3)(B). The Court has broad discretion to manage discovery, and craft any order that justice requires. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir.2012) (citation

omitted); *Jeff D. v. Otter*, 643 F.3d 278, 289 (9th Cir.2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988)).

**DISCUSSION**

Rockwell Collins argues that Cash should be ordered to testify either without further compensation or at the lesser rate allotted for "treating physicians." (*See* Def.'s Mot. to Compel (#42) at 4 ,6). Plaintiffs, in response, join in Rockwell Collins' motion. (*See* Pl.'s Joinder (#44) at 2).

Rockwell Collins' motion is granted. The court finds that Cash effectively failed to appear for the noticed deposition by, first, withholding requested information and, second, attempting to testify on the information that he withheld. Cash's failure to produce the requested information required the parties to reschedule Cash's deposition for a fourth time.

Under Federal Rule of Civil Procedure 30(d), the court may "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent. FED. R. CIV. P. 30(d)(2). The failure to appear need not be willful to warrant sanctions. *Lew v. Kona Hosp.*, 754 F.2d 1420, 1426 (9th Cir. 1985). Even a negligent failure to allow reasonable discovery may be punished. *Marquis v. Chrysler Corp.*, 577 F.2d 624 (9th Cir. 1978). Further, Rule 45 empowers the court to hold in contempt "a person who, having been served [with a subpoena], fails without adequate excuse to obey the subpoena. FED. R. CIV. P. 45(e).

Cash has now prevented the parties from taking his deposition on three occasions and has also disregarded at least two of Rockwell Collins' subpoenas *duces tecum*. Although the parties would most likely be entitled to an award of costs, if not sanctions, for Cash's behavior, the court grants the parties' request to compel Cash to testify without further compensation. The court finds that this is appropriate because Rockwell Collins has effectively already paid for Cash's testimony. On or about August 1, 2013, Rockwell Collins paid Cash $1,500.00 to be deposed. (Def.'s Mot. to Compel (#42) at 5:27).

1  When the parties discovered that the deposition could be not conducted because Cash had failed to
2  produce requested documents, the deposition ended and Cash kept the deposit. (*Id.*) Ordering Cash to
3  appear for a deposition without further compensation, therefore, gives Rockwell Collins what they paid
4  for (*i.e.*, Cash's deposition). Additionally, the court also notes that this order spares Cash of having to
5  pay costs and sanctions, which the parties would most likely be entitled to recover had they requested it.

6  ACCORDINGLY, and for good cause shown,

7  IT IS ORDERED that Defendants' Motion to Compel (#42) is GRANTED.

8  IT IS FURTHER ORDERED that Cash will appear for a deposition by October 25, 2013, and
9  testify without further compensation.

10  IT IS FURTHER ORDERED that Cash will produce Lagunas-Salazar's subpoenaed medical
11  records for Rockwell Collins' review at least ten calendar days before the deposition.

12  IT IS SO ORDERED.

13  DATED this 30th day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE